28 F.3d 105
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re DEMENNO/KERDOON, INC., Debtor.
COUNTY SANITATION DISTRICT NO. 1 OF LOS ANGELES COUNTY,
Plaintiff-Appellant,
v.
DEMENNO/KERDOON, INC., Defendant-Appellee.
 No. 93-55177.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 8, 1994.
Decided June 20, 1994.
 
 Before: FARRIS, O'SCANNLAIN, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 County Sanitation District No. 1 of Los Angeles County ("District") appeals the district court's order affirming the bankruptcy court's grant of summary judgment in favor of DeMenno/Kerdoon, Inc. ("DeMenno"). We affirm.
 
 
 3
 A discharge in bankruptcy "operates as an injunction against the commencement or continuation of an action ... to collect, recover or offset any [debt discharged under 11 U.S.C. Sec. 1141] as a personal liability of the debtor, whether or not discharge of such debt is waived." 11 U.S.C. Sec. 524(a)(2). This injunction assures the debtor of a "fresh start." The $856,300.50 connection fee claim was a charge for DeMenno's anticipated use of 1981.31 capacity units. That debt was discharged upon the confirmation of the plan, see id. Sec. 1141(d)(1)(A)(iii), and the District will be paid a pro rata share of $700,000 as part of the reorganization. By filing an action to collect a connection fee of $231,192.94 based on DeMenno's anticipated use of 1187.76 capacity units, the District is attempting to hold DeMenno personally liable for a portion of the $856,300.50 debt discharged in bankruptcy in violation of Sec. 524(a)(2).
 
 
 4
 The District clearly had a right of payment for a connection fee when DeMenno's anticipated usage of the sewerage system exceeded by more than 25% its historical baseline. The District's attempt to collect the connection fee, by characterizing the amount owed as a postpetition debt, is analogous to requiring a debtor to pay a discharged tort judgment as a condition of license renewal--a scheme invalidated in Perez v. Campbell, 402 U.S. 637 (1971).
 
 
 5
 We reject the District's argument that its $856,300.50 prepetition claim was unenforceable because it was unmatured and contingent. Creditors cannot decide, postpetition, which claims are or are not enforceable. The expansive definitions of "debt" and "claim" clearly encompass the District's connection fee claim. See 11 U.S.C. Sec. 101(5)(a) & (12); Pennsylvania Dep't of Public Welfare v. Davenport, 495 U.S. 552, 558 (1990).
 
 
 6
 The District also contends DeMenno is trying to use the bankruptcy laws to avoid post-confirmation statutory environmental obligations. See In re CMC Heartland Partners, 966 F.2d 1143, 1146 (7th Cir.1992) ("Having been a debtor in bankruptcy does not authorize a [reorganized debtor] to operate a nuisance today."); see also Ohio v. Kovacs, 469 U.S. 274, 285 (1985). However, DeMenno is complying with its ongoing environmental obligations. It continues to make surcharge payments in quarterly installments based on its actual level of discharge into the sewerage system. DeMenno is only refusing to pay the one-time connection fee which was discharged in bankruptcy.
 
 
 7
 Finally, allowing DeMenno to discharge above its original baseline without paying the connection fee in full does not violate federal, state, and local environmental laws. The District's ordinances and regulations fully comply with those laws. DeMenno is not attempting to void those policies. Rather, DeMenno correctly insists the District's claim was discharged in bankruptcy. The existence of environmental laws does not necessarily trump the bankruptcy code, especially when the dispute only involves a settled, monetary claim. Cf. In re Jensen, 995 F.2d 925 (9th Cir.1993) (state's contingent claim for costs of environmental cleanup was discharged in bankruptcy).
 
 AFFIRMED.[1]
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The bankruptcy court also held that the District violated 11 U.S.C. Sec. 525. Because we affirm based on Sec. 524(a)(2), we do not reach this issue